# UNITED STATES DISTRICT COURT
for the
## Southern District of Texas

| | | |
|---|---|---|
| United States of America<br>v.<br>**Albert Joseph Ortiz**<br>**DOB: 1988**<br>**US Citizen**<br>*Defendant(s)* | ) ) ) ) ) ) | Case No. M-15-0876-M |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **05/21/2015** in the county of **Hidalgo** in the **Southern** District of **Texas**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 26 USC 5861(d) | to receive or posses a destructive device (firearm) as defined under 26USC5845(a)(8) and (f) which is not registered to him in the National Firearms Registration and Transfer Record; |

This criminal complaint is based on these facts:

See Attachment A

☑ Continued on the attached sheet.

approved by
AUSA K.92

_____
Complainant's signature

**Kevin D. Brown - ATF Special Agent**
Printed name and title

Sworn to before me and signed in my presence.

Date: **6-2-2015**

_____
Judge's signature

City and state: **McAllen, TX**

**U.S. Magistrate Dorina Ramos**
Printed name and title

## ATTACHMENT A

I, Special Agent Kevin D. Brown, affiant, do hereby depose and state the following:

I am a Special Agent of the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I have been a law enforcement officer since April 2009.

1. My duties include the investigation of violations of Federal firearms laws. I know it to be unlawful to receive or posses a destructive device (firearm) as defined under 26 USC 5845(a)(8) and (f) which is not registered to him in the National Firearms Registration and Transfer Record.

2. On May 21, 2015, an ATF cooperating source of information (CS) traveled to 809 S. 26 ½ Street, McAllen, TX 78501. The CS made contact with Javier SOLIS and asked about the grenades for sale. SOLIS stated that someone would bring a grenade to the residence in a few minutes. A short time later, Albert ORTIZ arrived at the residence carrying one grenade. ORTIZ gave the grenade to SOLIS. SOLIS held the grenade and showed it to the CS. The CS photographed the grenade and told SOLIS he would come back later to purchase it.

3. On May 22, 2015, ATF Special Agents and members of the McAllen Police Department Bomb Squad analyzed the grenade purchased on May 21, 2015. The grenade was disassembled and appears to be a functional Improvised Explosive Device (IED). After the grenade was disassembled, a test burn was conducted on a small portion of the black material that was found inside of the device. The black material ignited when lit with a flame.

## ATTACHMENT A

4. On May 22, 2015, the same CS purchased nine additional grenades at the direction of Javier SOLIS. SOLIS took the money from the CS, and instructed the CS to remove the grenades from a black 1998 GMC Sierra - Cab and Chassis with a temporary Texas license plate "343443G", VIN: 1GDKC34J6WJ500232.

5. On May 28, 2015, a documented ATF confidential informant (CI) met with Albert ORTIZ. During this meeting, ORTIZ told the CI that he had sold ten grenades the previous week. ORTIZ stated that an individual purchased one, and then later purchased nine additional grenades. ORTIZ told the CI that he had more grenades available, but that he wasn't sure how many. ORTIZ placed a call to an unknown individual and inquired how many grenades were available. This individual stated that he would find out and call ORTIZ back. ORTIZ told the CI that he would call him as soon as he knew how many grenades were available.

6. Later on May 28, 2015, ORTIZ called the ATF CI and told him that he had 24 grenades available, but that the person who currently had the grenades was not available on that date. ORTIZ and the CI agreed to meet at a later time so the CI could purchase grenades from ORTIZ.

7. On June 1, 2015, ORTIZ and the ATF CI spoke on the phone several times and met in person to discuss a grenade transaction. During these conversations, ORTIZ told the CI that he had 28 grenades available. ORTIZ also stated that he was not allowed to show the CI a grenade unless the CI was going to purchase one of the grenades. ORTIZ told the CI that if the CI had the money that he would personally bring a grenade to the CI so he could purchase it.

## ATTACHMENT A

8. Later on June 1, 2015, ORTIZ was arrested by ATF. ORTIZ was advised of his rights prior to being questioned. During questioning, ORTIZ stated that he lived next door to an abandoned house. ORTIZ stated that he parked his black tow truck in the driveway of the abandoned house. This is the same abandoned house and tow truck where the CS purchased nine grenades on May 22, 2015. ORTIZ was shown photographs and he confirmed his residence, the abandoned house next door, and the tow truck parked at the abandoned house.

9. Your Affiant knows that IED grenades are classified as destructive devices that are required to be registered in the National Firearms Registration and Transfer Record per the National Firearms Act of 1934.

10. Your Affiant also knows from training and experience that, outside of a military environment, grenades have no suitable use and therefore chances are highly unlikely that ATF would register those devices to an individual.

11. A query of the National Firearms Registration and Transfer Record for Albert Joseph ORTIZ produced negative results.

_____
Kevin D. Brown - ATF Special Agent

Sworn to before me and subscribed in my presence,

_____        6-2-2015
U.S. Magistrate Dorina Ramos                  Date